CHRISTINE BERQUIST et al., Petitioners-Appellees, v. STANLEY KUSPER, Clerk of Cook County, et al., Respondents-Appellants.

First District (3rd Division)    No. 81-1558

Opinion filed December 30, 1981.

Sheldon Gardner and George C. Pontikes, both of Foss, Schuman & Drake, of Chicago (Celeste Kralovec, law student, of counsel), for appellants.

Peter A. Felice, of Chicago (Richard H. Schmack, of counsel), for appellees.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Petitioners Christine Berquist and Milton Tlapa, unsuccessful candidates for the office of alderman in the City of Countryside, filed petitions for discovery recounts which were denied by the Canvassing Board of the City of Countryside. Petitioners then filed this action for declaratory judgment, mandamus and election contest against respondents Stanley Kusper, Clerk of Cook County, Illinois, and Walter Klimcke, Carl Le Gant and Robert Peck, individually and as members of the Canvassing Board of the City of Countryside, in which they asked the court to order discovery recounts. The trial court ordered that discovery recounts be conducted. We reverse.

Petitioner Berquist was a candidate for the office of alderman of the 2d ward of Countryside. The 2d ward is comprised of two precincts. Petitioner Tlapa was a candidate for the office of alderman of the 1st ward of Countryside. The 1st ward is comprised of three precincts. The election was held on April 7, 1981. Both petitioners lost the election, but both of them received votes greater in number than 95% of the votes received by the proclaimed winners in their wards.

Pursuant to section 22—9.1 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 22—9.1), petitioners filed petitions for discovery recounts. The petitions did not contain any allegations of impropriety in the elections. The petitions were rejected by the Canvassing Board based on the language of section 22—9.1 of the Election Code which provides for a discovery recount "in specified election districts or precincts, not exceeding 25% of the total number of election districts or precincts." (Ill. Rev. Stat. 1979, ch. 46, par. 22—9.1.) Petitioners also received correspondence from respondent Kusper, stating that his office would do nothing further regarding the petitions because it had received a letter from the Canvassing Board denying petitioners' requests for discovery recounts.

Petitioners filed the instant action in which they asked the trial court to construe section 22—9.1 of the Election Code as it applies to them. The court found that the statute did not provide for a discovery recount in this case, but that under the equitable powers of the court, justice required that a discovery recount be allowed. The court ordered that the Canvassing Board reconvene and conduct a discovery recount in the requested precinct in each ward.

Respondents argue that petitioners are not entitled to a recount under section 22—9.1 of the Election Code, and therefore, the trial court improperly ordered that a recount be taken. Section 22—9.1 provides:

"Within 5 days after proclamation of the results of any canvass declaring persons elected to any office * * *, the following persons may file a petition for discovery:

(a) any candidate who, in the entire area in which votes may be cast for the office for which he is a candidate, received votes equal in number to at least 95% of the number of votes cast for any successful candidate for the same office;

\* \* \*

A petition under this Section shall be filed with the county clerk (or circuit court where the City Election Law applies) for purposes of discovery only. The petition shall ask that ballots, voting machines, or ballot cards \* \* \* shall be counted in specified election districts or precincts, not exceeding 25% of the total number of election districts or precincts within the jurisdiction of such clerk or judge." (Ill. Rev. Stat. 1979, ch. 46, par. 22—9.1.) Respondents contend that since a candidate may only have a recount in 25% of the precincts, it is not possible to allow a discovery recount in a district with less than four precincts. Therefore, they maintain that since each petitioner is from a ward with less than four precincts, petitioners' requests for discovery recounts should be denied.

Petitioners, on the other hand, read the language "25% of the total election districts within the jurisdiction of such clerk or judge" to mean 25% of the precincts in suburban Cook County. They argue that since there are 2,444 such precincts, no candidate may seek a recount of more than 611 precincts. Thus, petitioners maintain that the Canvassing Board improperly denied the discovery recount petitions since petitioners here only asked for a recount of one precinct each.[1]

■■ We agree with respondents that petitioners are not entitled to a discovery recount under the statute. We believe that the statute requires a discovery recount of 25% of the precincts within the jurisdiction of the clerk or judge in which votes were cast for a particular office. Petitioners' interpretation of the statute tortures the purpose of inserting such a limitation on the number of precincts in which votes could be recounted. As respondents suggest, petitioners' reading of the statute would mean that the legislature only intended to limit discovery in elections such as county-wide elections. We do not believe that this is what the legislature intended. Rather, we believe that it intended the limitation to apply only to the precincts or election districts involved in the election and not to the county or suburban Cook County as a whole. Thus, our reading of the statute leads us to conclude that if votes are cast in fewer than four precincts, there cannot be a discovery recount.

Although we agree with the trial court that the statute does not authorize a recount in this case, we cannot agree that the trial court had the equitable power to order a recount. Petitioners argue that while mat-

---

[1] Both petitioners only requested a recount of one precinct. Under their theory, they would be entitled to a recount of all precincts involved since there were less than 611 precincts.

ters pertaining to elections are generally deemed to be purely political questions outside the scope of equitable jurisdiction (7 Ill. L. & Prac. *Chancery* §66 (1954)), that principle is irrelevant here. They contend that it is not relevant because they did not request equitable relief and because the court actually granted the legal remedy of mandamus. However, the record discloses otherwise. In their complaint, petitioners requested "such other and further relief as equity may require." Also, in its order, the court specifically stated that "under the equitable powers of the Court, justice requires that a discovery recount be allowed."

■■ Generally, in the absence of statutory authority, courts have no power to order a recount of ballots. (29 C.J.S. *Elections* §289, at 760-61 (1965); 26 Am. Jur. 2d *Elections* §355, at 171 (1966); Annot., 71 A.L.R. 435 (1931).) The statute here does not allow for a discovery recount under the circumstances of the case. Consequently, the trial court did not have any equitable power to order a discovery recount.

■■ Petitioners also argue that section 22—9.1, as applied by the Canvassing Board, operates to deny them equal protection. However, petitioners did not make this constitutional argument in the trial court, and therefore, the issue is not before us. Moreover, even if petitioners were successful in this argument, they would not be afforded the relief they requested.

Accordingly, the order of the trial court is reversed.

Reversed.

McNAMARA and McGILLICUDDY, JJ., concur.